## Kreisl, Appellant, v. Kreisl.

Argued April 21, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused November 10, 1964.

*Cletus M. Lyman,* for appellant.

*Robert J. Gillespie,* with him *Joseph J. Ustynoski,* for co-partners, appellees.

*Anthony J. Ciotola,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, September 29, 1964:

The appellant filed a complaint in equity in which he sought, inter alia, a decree awarding him a one-third partnership interest, an accounting, and dissolution of the partnership. The defendants-appellees filed preliminary objections in the nature of a demurrer which were sustained. This appeal followed.

The appellant alleges in his complaint that his father and two brothers by written agreement, in July 1943, entered into a partnership to operate a slaughter-house. The agreement provided, among other things, that the appellant's father should have a 50% interest in the business, and that the appellant's brothers, two in number, should each have a 25% share. The complaint alleges further that the appellant's father, on November 4, 1949, having determined to divest himself of his partnership interest and desiring his three sons to own the business, orally gave his interest to his three sons (the two original partners and the appellant) in such proportion as to make each of them a one-third owner. The appellant was not yet 17 years old, the brothers being about 27 and 28 years

old. In addition, the complaint alleges that the appellant's father and mother transferred the real estate which the business occupied to the appellant and his two brothers as a partnership, trading as Kreisl Brothers. The appellant further contends that his brothers ordered him to make a conveyance to his brothers, their wives, and himself, as tenants in common, rather than as tenants in co-partnership. After the oral transfer by appellant's father of his partnership interest, the appellant was employed by the business at a salary, as an employee. He averred that he only became aware of the transfer of the partnership interest to him in 1961.

This appeal raised the question of the validity of the gift to appellant, allegedly constituting him a partner with his brothers, each owning a 1/3 interest. It is hornbook law that in order for a valid gift to occur, the allegations must disclose a donative intent, a delivery (actual or constructive), and an acceptance. However, when a gift of a chose in action is alleged, the required delivery is not accomplished unless there is an actual or constructive delivery of a writing, setting forth the nature of the subject matter of the gift. *Russell Estate,* 385 Pa. 557, 123 A. 2d 708 (1956), and cases cited therein. As the chancellor found, the allegations of the complaint do not allege the delivery of such a writing.

All that can be determined from the complaint is that the plaintiff's father attempted to transfer his interest in the business. However, it is clear that this was never accomplished because of the lack of the delivery of the required writing.

The appellant raises the issue that the elements of a gift need not be alleged when the donor is not a party to the action. We must reject this argument in this equity action because the basis of the appellant's rights is the alleged gift. If no valid gift was

ever made, the source of appellant's rights is non-existent.

For the above reasons, the decree of the lower court is affirmed.

All parties to bear their own costs.