391 A.2d 1037

In re ESTATE of Florence T. YOUNG, Deceased.

Appeal of Bernice Y. KITCH.

Supreme Court of Pennsylvania.

Argued March 13, 1978.

Decided Oct. 5, 1978.

Michael Halliday, Ruthanne Beighley, Greenville, for appellant.

John H. Evans, Jr., Sharon, for appellee.

Henry E. Sewinsky, Sharon, for First National Bank of Mercer County.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

We are called upon to decide an intra-family dispute concerning a bank deposit held in the joint names of a parent (decedent) and one of her children. Specifically, we are concerned with a certificate of deposit purchased with funds of the decedent, Florence T. Young, from the First National Bank of Mercer County ("the bank") and issued by the bank in the joint names of (Mrs.) Florence T. Young and her daughter (Mrs.) Bernice Y. Kitch ("Bernice" or "Mrs. Kitch"). Mrs. Young has died, and the amount of the deposit was later paid by the bank to her daughter, Mrs. Kitch, as survivor of the two depositors. The decedent's son, Myron M. Young ("Myron"), the appellee, who along with his sister, Bernice, is a residuary legatee under Mrs. Young's will, contends that there was no completed gift to Mrs. Kitch of a present joint interest in the certificate of deposit and that therefore the certificate was an asset of his mother's estate. The court below agreed, and awarded the certificate or its proceeds to the estate. We do not agree, and will reverse.

The certificate is dated February 12, 1970, and provides in pertinent part:

"Mrs. Florence T. Young or Mrs. Berniece [sic] Y. Kitch has deposited in this Bank Fifteen Thousand and no/100

Dollars ($15,000) payable to said depositor or, if more than one, to either or any of said depositors or the survivors or survivor, upon presentation and surrender of this Certificate after maturity."

Neither Mrs. Young nor Mrs. Kitch signed the certificate at the time it was issued; however, they did both sign a signature card which was prepared at the Bank in conjunction with the certificate. The signature card does not indicate the nature of the named depositors' respective ownership interests in the certificate.

Mrs. Young died on January 3, 1975. By her will, dated July 17, 1958, she left her estate in equal shares to her son Myron M. Young and her daughter Bernice Y. Kitch and nominated Mrs. Kitch as her executrix. In August, 1975, Mrs. Kitch filed an inventory which did not list the certificate in question or any interest therein as an asset of the estate.[1] Myron Young filed objections to the inventory which were sustained by the court below, and Mrs. Kitch has appealed.[2]

All of the material facts recited above were admitted in Bernice's answer to Myron's objections or stipulated by counsel at the hearing below. Myron presented no testimony at the hearing, and offered no documentary evidence other than photocopies of the certificate and the signature card. Thus the fundamental question presented to the court was whether the intrinsic evidence of Mrs. Young's donative intent supplied by the signature card and the provisions on the face of the certificate was so equivocal as to place on Mrs. Kitch, the putative donee, the burden of establishing

1. As the auditing judge found, the certificate was listed as a jointly-owned asset of the decedent in the inheritance tax report and appraisal filed by Mrs. Kitch as executrix, and the tax liability with respect thereto was duly paid. The net proceeds of the certificate were paid to Mrs. Kitch by the Bank on February 13, 1976.

2. A direct appeal was filed in this Court pursuant to Section 202(3) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, 17 P.S. § 211.202(3) (Supp.1978), since superseded by Section 722(3) of the Judicial Code, 42 Pa.C.S. § 722(3) (effective June 28, 1978).

the requisite donative intent by independent evidence. See generally, *Furjanick Estate,* 375 Pa. 484, 100 A.2d 85 (1953). The auditing judge answered this question in the affirmative. Mrs. Kitch's attempts to meet this burden through the testimony of two of Mrs. Young's neighbors were unavailing, their testimony being ruled inadmissible under the parol evidence rule. We need not pass on the correctness of this ruling, for we conclude that the burden was on Myron to demonstrate that Mrs. Young did not intend to make an immediate gift to her daughter when she purchased the certificate.

Under the law applicable to this case,[3] the creation of a joint interest with rights of survivorship in a bank deposit, evidenced by the signatures of all the parties, is prima facie evidence of the intent of the party funding this deposit to make an inter vivos gift to the other joint tenants. *Keeney Estate,* 465 Pa. 45, 348 A.2d 108 (1975); *Scott Estate,* 455 Pa. 429, 316 A.2d 883 (1974); *Dzierski Estate,* 449 Pa. 285, 296 A.2d 716 (1972); see *Chiara Estate,* 467 Pa. 586, 590 n.2, 359 A.2d 756, 759 n.2 (1976). The instant case falls squarely within this general rule. The certificate sets forth in concise and straightforward language the right of either or both of the named depositors or the survivor of them to withdraw the deposited funds after the certificate matures.

The auditing judge was of the opinion that there was no prima facie evidence of an inter vivos gift because, as stated above, the signature card signed by Mrs. Young and Mrs. Kitch did not expressly indicate the nature of their

3. We note in passing that Chapter 63 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §§ 6301–6306 (Supp.1978) (added by the Act of July 9, 1976, P.L. 547, No. 134, and effective September 1, 1976), alters and simplifies in several significant respects the law of this Commonwealth applicable to joint interests in bank accounts. The statute provides in part that "[a]ny sum remaining on deposit at the death of a party to a joint account belongs to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intent at the time the account is created," 20 Pa.C.S. § 6304(a). The result we reach today is consistent with the result which the statute would dictate, were it applicable to this case.

interests in the certificate. We think this conclusion is inconsistent with the court's ultimate finding, amply supported by the record,[4] that the certificate and the signature card were parts of a single, integrated contract between the named depositors and the bank.

Of course, donative intent is only one of the two essential elements of a completed inter vivos gift. The other is "such an actual or constructive delivery to the donee (a) as to divest the donor of all dominion and control, or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein." *Martella Estate*, 390 Pa. 255, 258–9, 135 A.2d 372, 373 (1957) (quoting from earlier cases). The question of delivery was not raised in Myron's objections to the inventory, and the court made no finding of any sort on this issue. The only direct evidence on the issue was provided by Bernice, who testified over Myron's objection that Mrs. Young gave Bernice the certificate to place in a safe deposit box rented by Bernice and her husband and that the certificate remained in the box until Mrs. Kitch presented it for payment over a year after Mrs. Young's death. The auditing judge subsequently ruled this testimony inadmissible under the Dead Man's Act.[5] Again, we need not pass on the correctness of this ruling,[6] for we conclude that the burden was on Myron to come forward with prima facie evidence of lack of delivery. Particularly in view of the far-reaching changes

4. An officer of the bank testified without contradiction that a signature card is prepared and signed each time a certificate of deposit is issued, that these two documents and a keypunch information card together constitute "a three part Certificate," and that the simultaneous processing and execution of all three documents "completes the contract." (Record at 55a).

5. Act of May 23, 1887, P.L. 158, § 5, cl. (e), 28 P.S. § 322 (1958), since superseded by Section 5930 of the Judicial Code, 42 Pa.C.S. § 5930 (effective June 28, 1978).

6. *But see Miller's Estate*, 464 Pa. 323, 346 A.2d 761 (1975); *Ford's Estate*, 431 Pa. 185, 245 A.2d 443 (1968); *Zabek Estate*, 441 Pa. 116, 129, 269 A.2d 490 (1970) (Pomeroy, J., concurring, joined by Jones, J.); *King v. Lemmer*, 315 Pa. 254, 173 A. 176 (1934).

wrought in the law by the enactment of Chapter 63 of the Probate, Estates and Fiduciaries Code,[7] we will not prolong this opinion with a discussion of the numerous and often conflicting decisions on this question. We will merely point out that Myron conceded that the certificate was not found in the safe deposit box which Mrs. Young maintained in joint names with Bernice and that there is no doubt that the certificate was in Bernice's possession subsequent to her mother's death. Under the circumstances, it was incumbent on Myron, as the party objecting to the omission of the certificate from the inventory, at least to demonstrate that the question of delivery presented a genuine issue of fact. See *Donsavage Estate,* 420 Pa. 587, 218 A.2d 112 (1966); *Cutler's Estate,* 225 Pa. 167, 73 A. 1111 (1909).

Decree reversed. Each party to bear own costs.

EAGEN, C. J., concurs in the result.