420 A.2d 370

**Lonnie E. HENGST, Appellee,**

v.

**Linda M. HENGST, Appellant.**

Supreme Court of Pennsylvania.

Argued May 20, 1980.

Decided July 3, 1980.

Samuel K. Gates, York, for appellant.

James A. Holtzer, Daniel R. Kehm, York, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

■ The issue on appeal is whether, in the absence of a writing executed by the parties, a savings plan titled in husband's name alone but treated during the marriage by both husband and wife as property owned by the entireties, constitutes jointly held property. We conclude that it does.

During the marriage, Lonnie E. Hengst, "husband", elected to participate in a "Thrift Plan" offered by his employer. Under the terms of the plan, the company deducted a certain percentage of husband's salary for the purchase of U. S. savings bonds in husband's name and the company contributed an amount equal to one–half of the amount so deducted for the purchase of common stock of the company in husband's name. At the hearing, Linda M. Hengst, "wife", testified that her own contributions to the household expenses enabled her husband to continue participation in the plan. Both husband and wife testified that they had at all times regarded the assets in the plan as jointly owned property. Only after domestic difficulties developed, and he consulted a lawyer, did husband claim that the assets in the plan were his alone.

Relying on our decision in *Kreisl v. Kreisl*, 415 Pa. 424, 204 A.2d 40 (1964), the trial court found that while husband intended to make a gift of a share in the plan to his wife, there was no delivery by a signed writing and therefore there was no gift. In *Kreisl* we stated that where a gift of a chose in action is alleged, the required delivery is not accomplished unless there is an actual or constructive delivery of a writing, setting forth the nature of the subject matter of the gift. The trial court's finding was upheld by a three–judge panel of Superior Court (Spaeth, J. dissenting). We reverse.

■ It is the law in this Commonwealth that to establish a valid inter vivos gift it is essential that two elements of a gift be shown: (1) an intention to make an immediate gift and (2) such actual or constructive delivery to the donee as will divest the donor of dominion and control of the subject matter of the gift. *Estate of Young*, 480 Pa. 580, 391 A.2d 1037 (1978). Here the requirement of donative intent has clearly been met, as husband testified that he intended the plan to be jointly owned.

■ Under the facts of this case we conclude that the lack of a delivery of a writing cannot defeat the gift. The policy behind the requirement of delivery is to avoid mistake and to protect alleged donors from fraudulent claims of gifts based only on parol evidence. Husband testified that for thirteen years (from January 1963, when he began participating in the plan, until the divorce in 1976) he considered the assets in the plan to be jointly owned. The requirement of delivery as an essential element of a completed gift is to insure the divestiture of dominion and control of the donor over the res, and the *manifestation* of this event takes place upon "delivery". Actual delivery is necessary to avoid adversely affecting third parties and to protect the donor from fraud. Here, however, where the donor, under oath in open court, has admitted that the res was, in fact, deemed between donor and donee to be their jointly held property and so used, and no third party is even remotely affected, the very reason for the requirement of actual delivery is absent.

The ancient maxim, *Cessante ratione legis, cessat et ipsa lex.*, 4 Co., 34: (the reason for the law ceasing, the law itself also ceases) has long been applied in this Commonwealth. *Appeal of Cummings*, 11 Pa. 272, 276 (1849); *Nice's Appeal*, 54 Pa. 200, 201 (1867). Applying this well–established rule of reason, we have no difficulty with the absence of actual delivery under these circumstances.

Thus, while there has been no delivery, the considerations behind the rule requiring delivery have certainly been satisfied, and under the special circumstances of this case, thus, we conclude that there is no reason not to enforce the gift.*

Order of Superior Court reversed.

---

\* During the marriage, the property was held jointly by the entireties. The parties were divorced October 6, 1976. The applicable statute, the Act of May 17, 1949, P.L. 1394, § 1, 68 P.S. § 501, provides that after divorce the former spouses become tenants in common of equal one–half shares of the property acquired after 1949 which was owned by them as tenants by the entireties.