553 A.2d 464

**Alma L. HAIRSTON, Appellee,**

v.

**Harold B. HAIRSTON, Appellant.**

Superior Court of Pennsylvania.

Jan. 23, 1989.

Edwin P. Smith, Philadelphia, for appellant.

R. Stuart Jenkins, Philadelphia, for appellee.

Before CAVANAUGH, TAMILIA and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the final decree of the Philadelphia Court of Common Pleas, dated May 31, 1988, which distributed the proceeds realized from the partition sale of the parties' real estate and the rents derived from that property. Since the final decree was entered in violation of the Act of May 10, 1927, as amended, 68 Pa.S.A. § 501 *et seq.*, we reverse and remand for an evidentiary hearing and adjudication in accordance with the guidelines of this opinion.

Instantly, the appellant, Harold Hairston, questions: 1) whether the lower court misinterpreted the comments of counsel at oral argument to be an agreement that the appellee was entitled to one-half of the rental income; 2) whether the appellee is entitled to any portion of the rental income, especially that income derived prior to their divorce;

3) whether the lower court erred in ascribing a rental income value for periods when the apartment was vacant; 4) whether the lower court incorrectly calculated the credits due the appellant; and 5) whether the lower court erroneously based its findings upon evidence which was not properly made a part of the record.

The record reveals the following facts: During their marriage, the parties purchased the property in question on June 16, 1970. The property is a duplex apartment building, of which one side served as the marital abode. On August 26, 1970, the appellee left the marital home, and, on November 20, 1973, the appellant was granted a divorce. The appellant continued to live in one of the apartments until August of 1977, charging himself rent equal to that collected for the adjoining apartment.

In August of 1976, the appellee filed the present action for partition of marital property in accordance with the Act of May 10, 1927, P.L. 884, as amended in 1949, 68 Pa.S.A. § 501 et seq. In addition to her request for a statutory partition of the property, the appellee requested an accounting of the rents from August 26, 1970, the time of the parties' separation, until the time of the sale. The appellant then answered the complaint, alleging the appellee was not entitled to any rental income and counterclaiming for a sum of money equal to the mortgage payments, interest, taxes, maintenance, enhancements and other expenses associated with the property.

On January 30, 1979, the parties stipulated that the property in question was held by the parties as tenants in common and requested appointment of a Master to conduct a partition sale. The stipulation further stated that the property should be partitioned in accordance with Rules 1551–1574 of the Pennsylvania Rules of Civil Procedure. On March 22, 1979, a master was duly appointed for the express purpose of selling the property in accordance with 68 Pa.S.A. § 501 et seq. Eventually, in December of 1986, the property was sold for net proceeds of $44,406.06, after payment of the master's fee and the appraiser's fee.

On August 7, 1987, the trial court entered an adjudication and decree nisi ordering the proceeds divided equally between the parties in strict accordance with 68 Pa.S.A. § 503, citing *Lykiardopoulos v. Lykiardopoulos,* 453 Pa. 290, 309 A.2d 548 (1973). Both parties filed for post-trial relief. The appellee argued that the trial court erred in refusing to apply the provisions of Rule 1551 *et seq.,* since she sought both statutory and equitable relief in her original complaint. Thus, she was entitled to her share of the partition proceeds plus one-half of the net rental value from August, 1970, until November, 1986. Likewise, the appellant argued the trial court erroneously refused to grant equitable relief since the appellee had originally requested both statutory and equitable relief and he had counterclaimed in equity for relief. Thus, he was entitled to his share of the partition proceeds plus all claimed credits which benefited the real estate.[1] Both parties based their equitable claims upon Rule 1570.

After a hearing on the post-trial motions, the trial court entered the supplemental opinion and final decree which are the subjects of this appeal. Therein, the trial court affirmed its earlier adjudication and decree nisi. However, the trial court found: "[C]ounsel for both parties agreed that rental value should be awarded to the [appellee], subject to deduction for expenditures by the [appellant] for mortgage (both principal and interest), taxes, insurance and improvements that enhance the value of the property." (Trial Ct.Op., p. 2) The court further found: "The only significant point of contention was whether rental value should be calculated according to the amounts actually received by [appellant], or according to 'fair rental value' as determined by the [appellee]'s expert witness." (Trial Ct. Op., p. 2) Because of its finding of an agreement, the trial court, in spite of its prior decision, determined that the appellee was entitled to one-half of the actual rental income from the time of the parties' separation until the date of

---

1. He also claimed entitlement to paid real estate taxes and water and sewer charges since such charges become liens upon the real estate when assessed, citing 53 Pa.S.A. § 7102, 7103 and 7106.

sale, plus one-half of the fair market rental value for the periods of time during which the property laid vacant.[2] The court also determined that the appellant was entitled to *only* those credits to which the parties agreed, including mortgage payments, taxes, insurance and improvements which enhanced the property's value.

■ For the following reasons, we reverse the decision of the trial court and remand for entry of an order in strict accordance with 68 Pa.S.A. § 501 *et seq.* As previously stated, the appellee, in her original complaint, requested a partition in accordance with the Act of May 10, 1927, as amended. § 503 of the Act, in pertinent part, reads:

§ 503. **Division of proceeds; liens; record of divorce decree; payments into court**

The proceed of any sale had under the provisions of this act, after the payment of the expenses thereof, shall be equally divided between the parties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective parties, * * * and the amount of any liens entered of record against either of such parties, * * *

1927, May 10, P.L. 884, § 3; 1949, May 17, P.L. 1394, § 1. However, the parties now wish the property to be partitioned in accordance with the Rules of Civil Procedure 1551–1574 in order to allow the court to set off their recoveries by the rental income and expenditures. Under

---

**2.** Here, we note that the trial court erred in its determination of the gross rental value. During the seventeen years which the appellant managed the property, "there were occasional periods when one or the other apartment was unoccupied and during those periods [appellant] ascribed no rental value for the vacant unit." (Trial Court Op., p. 4) The trial court determined that rental value of $6377.50 should be ascribed to those vacant periods. However, no evidence of fraud or misdealing on the part of the appellant appears in the record. The record indicates that the appellant in fact made every effort to fulfill his fiduciary duty to rent the property during the period in question. Obviously, apartments can not always be rented despite the good faith efforts of the party in possession. Thus, by ascribing rental value for the vacant periods, the trial court in effect unjustly enriched the appellee at the appellant's expense of $3,188.75.

the Rules of Civil Procedure, Rule 1570 would apply to the present case:

Rule 1570. **Adjudication and Decree**

(a) The adjudication shall include findings of fact as follows:

\* \* \* \* \* \*

(4) the mortgage, liens and other encumbrances of charges which affect the whole or any part of the property and the amount due thereon;

(5) the credit which should be allowed or the charge which should be made, in favor of or against any party because of use and occupancy of the property, taxes, rents or other amounts paid, services rendered, liabilities incurred or benefits derived in connection therewith or therefrom;

Adopted April 26, 1955, effective November 1, 1955.

The lead case dealing with partitions pursuant to 68 Pa.C.S.A. § 501 *et seq.*, is *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 309 A.2d 548 (1973). In *Lykiardopoulos, supra,* our Supreme Court stated:

The statutory language is clear—only liens of record may be deducted from the proceeds of the partition sale. \* \* \* The Act of May 27, 1927, as amended, which converts a tenancy by the entireties into a tenancy in common after a divorce and permits either party to partition the property, is in derogation of the common law and must be strictly construed. \* \* \* The statute provides for the payment of record liens out of the proceeds of the partition sale and they are the only charges permissible.

*Lykiardopoulos,* 309 A.2d at 551 (citations omitted).[3]

Therefore, only liens of record may be deducted from partition sale proceeds when the partition proceedings are

---

**3.** We note that the appellant in *Lykiardopoulos, supra,* wanted to charge her unliquidated and unrecorded support claims against the appellee's share, while instantly all charges relate directly to the property subject to partition. However, the cases consistently hold that no set off of any kind will be allowed against the partition proceeds. *See Olivieri v. Olivieri,* 242 Pa.Super. 457, 364 A.2d 361 (1976).

brought pursuant to the Act of May 10, 1927, and those are the *only* charges against the proceeds permissible. *See also Marinello v. Marinello,* 354 Pa.Super. 471, 477, 512 A.2d 635, 639 (1986); *Augelletta v. Fox,* 278 Pa.Super. 1, 3–4, 419 A.2d 1325, 1326 (1980); *Olivieri v. Olivieri,* 364 A.2d at 365; *Shoup v. Shoup,* 469 Pa. 165, 364 A.2d 1319 (1976).

However, we note that in *Lohmiller v. Weidenbaugh,* 503 Pa. 329, 469 A.2d 578 (1983), our Supreme Court relaxed the strict interpretation of 68 Pa.S.A. § 501 *et seq.,* and, as argued by the parties, seemingly overruled *Lykiardopoulos, supra.* However, in *Lohmiller, supra,* the court did not directly address the issue presently before us and did not expressly overrule *Lykiardopoulos, supra.* In fact, *Lykiardopoulos, supra,* has been cited as good law as recently as 1986 in *Marinello, supra.*

Briefly, the facts of *Lohmiller, supra,* are: The husband petitioned pursuant to 68 Pa.S.A. § 501 *et seq.,* for partition of a 40% interest held by the husband and wife as tenants by the entireties in a 170 acre farm. The husband's mother held the remaining 60% interest in the farm. The wife sought dismissal of the action by filing a preliminary objection that challenged the husband's failure to join the co-tenant, his mother, as an indispensable party. The court dismissed the wife's objection and ordered the 40% interest partitioned. The wife appealed, and this court affirmed. *See Lohmiller v. Weidenbaugh,* 302 Pa.Super. 174, 448 A.2d 583 (1982).

The wife then appealed to our Supreme Court which reversed, stating:

> While the Act provides a complete remedy for the partition of property formerly held by the entireties, it is neither the sole nor exclusive remedy. (footnote omitted) Equitable partition pursuant to Pa.R.Civ.P. 1551–1574 is another means for the partition of property formerly held by the entireties. (footnote omitted) The Superior Court's holding that Pa.R.Civ.P. 1551–1574 are inapplicable to the present case [filed pursuant to 68 P.S. § 501 *et*

*seq.* ] disregards the established principles of statutory construction. Since the Act and Pa.R.Civ.P. 1551–74 relate to the same subject matter, the partition of property, the two provisions must be read in pari materia so that effect can be given to both. Pa.Stat.Ann. tit. 1, § 1932 (Purdon Supp.1983); *Girard School District v. Pittenger*, 481 Pa. 91, 392 A.2d 261 (1978).

*Lohmiller*, 469 A.2d at 580.

The Court then, applying that logic to the facts, clarified the holding of the case as follows:

When the Act and Pa.R.Civ.P. 1551–1574 are construed together, it is apparent that while a former husband may initiate an action for the partition of property formerly held by the entireties pursuant to the Act, all other co-tenants must be joined as defendants pursuant to Pa.R.Civ.P. 1553. This construction presents no conflict between the provisions and gives them both effect. Furthermore, it is obvious that appellant's interest in the farm would be worth far less if only 40% of a co-tenant's interest in the farm is sold, rather than the entire farm. Who would bid a fair market price to be a minority co-tenant with a stranger majority co-tenant? Moreover any successful bidder could petition the court to partition the whole property and thus accomplish that which appellee has sought to avoid. The law should never provide such a tortured route to the inevitable. It is this very result that Pa.R.Civ.P. 1553 prevents. The lower court erred in dismissing appellant's preliminary objection.

*Lohmiller*, 469 A.2d at 580–581.

■■■ For our purposes, the crucial statement is "This construction presents no conflict between the provisions and gives them both effect." *Lohmiller*, 469 A.2d at 580. Clearly, the provisions of Act of May 10, 1927 and Rules 1551–1574 can be read in *pari materia* only to the extent that they do not conflict. *See City of York v. Reihart*, 475 Pa. 151, 155–156, 379 A.2d 1328, 1330 (1977). Unlike the situation in *Lohmiller, supra,* the instant circumstances

present a situation where the provisions of 68 Pa.S.A. § 501 *et seq.*, and Rule 1570 are in direct conflict. 68 Pa.S.A. § 503 states unambiguously that only liens of record may be deducted from the partition proceeds, while Rule 1570 allows numerous expenses to be set off against the proceeds. Since the original complaint was filed pursuant to the Act of May 10, 1927, as amended, we are constrained to find that the trial court could not award rental income to the appellee nor award expense credits to the appellant, notwithstanding Rule 1570(a)(5) and the agreement between the parties.[4]

In conclusion, we hold that the lower court must strictly follow the provisions of the Act of May 10, 1927, as amended, and divide the proceeds equally subject to deduction therefrom of the amount of any liens of record. The appellee's claim for rental income and the appellant's claim for expense credits must be brought in a separate action. We recognize the parties frustration with our decision; after all, it is entirely sensible to adjudicate all these claims in one action. However, the present action was filed pursuant to 68 Pa.S.A. § 501 *et seq.*, and the parties can only raise those claims cognizable under the Act of May 10, 1927, as amended. Accordingly, we reverse and remand for final disposition of this action after an evidentiary hearing to determine if any liens of record exist.

REVERSE AND REMAND. Jurisdiction relinquished.

4. Moreover, we find that the record does not support the trial court's finding of an agreement. On appeal, we will not disturb the findings of the trial court which are adequately supported by the record. *Stauffer v. Stauffer*, 465 Pa. 558, 566, 351 A.2d 236, 240 (1976); *Simon v. Simon*, 286 Pa.Super. 403, 405, 429 A.2d 1, 2 (1981). While it is true that, at the hearing on their post-trial motions, the parties agreed that the appellant was entitled to credit toward property expenses, the parties did not expressly agree what expenses were included in the credits. Similarly, the parties agreed that valuation of the rental property was an issue. However, nowhere in the record does the appellant expressly agree that the appellee is entitled to one-half of all rental proceeds from the partitioned property. Clearly, the trial court's conclusion is contrary to the appellant's position throughout over ten years of litigation.