573 A.2d 1119

**Dorothy WERNER, Appellee,**

v.

**John P. WERNER, Appellant.**

Superior Court of Pennsylvania.

Argued April 4, 1990.

Filed April 30, 1990.

Jon Marshall, Philadelphia, for appellant.

Victoria S. Maranzini, Philadelphia, for appellee.

Before McEWEN, MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

Appellee Dorothy Werner brought this action in equity for partition of property owned by the parties as tenants in common. The trial court appointed a master to take testimony, make findings of fact and conclusions of law. Following a hearing at which both parties presented testimony and various documents, the master filed a report recommending that appellee-plaintiff's request for partition be granted. Appellant John Werner appeals from the trial court decree and adjudication dismissing appellant's exceptions to the master's report and ordering a partition of the premises and an equal division of the net proceeds of the sale between the parties.[1]

Appellant raises five issues for our review: (1) whether the master and trial court erred in failing to find that the claim was barred by laches and the statute of limitations; (2) whether appellant's counterclaim for contribution was properly permitted in this action for partition; (3) whether the master and the trial court committed an abuse of

1. An interlocutory appeal may be taken as of right from an order directing a partition. Pa.R.A.P. 311(a)(6).

discretion in finding that the funds expended by appellant for repair of the property were offset by the rental income received by appellant from the property; (4) whether the master and trial court abused their discretion in making findings as to rents, in light of the fact that appellee did not request rents or profits in her original complaint; (5) whether the trial court erred in dismissing appellant's claims to expenses incurred after the date of the master's hearing. For the reasons which follow, we affirm the order of the trial court. Because we find that appellant's counterclaim for expenses incurred in the upkeep of the property should not have been included in this action, we need not address issues 3, 4, and 5.

The relevant facts, as gleaned from the pleadings and the master's findings, may be summarized as follows. The parties were married in June, 1953, and in October 1956, purchased the subject property, consisting of a parcel of real estate with improvements located at 4641–43 North Front Street in Philadelphia, as tenants by the entireties. The parties used their shared funds to purchase the property and worked together to convert the second floor into an income-producing apartment. Appellee vacated the premises in 1959, while appellant continued to occupy the premises. As of the date of the master's hearing in 1986, appellant was still living in the home. In December, 1963, the parties were divorced. Title to the premises remains in the name of appellant and appellee.

On May 30, 1984, appellee filed the present action against appellant seeking partition of the property pursuant to the Act of May 10, 1927, as amended, 68 P.S. § 501 *et seq.* In response, appellant counterclaimed for repayment of funds expended for maintenance, taxes, insurance and mortgage payments. In New Matter, appellee asserted that the rental income received by appellant offset the expenses incurred by appellant in upkeeping the premises and that according to the laws of Pennsylvania, only liens of record could be deducted from the proceeds of a partition sale.

■ The scope of appellate review of a decree in equity is limited. Absent an abuse of discretion or an error of law, we are bound to accept the findings of the trial court or master, particularly where the findings are largely dependent upon the credibility of the witnesses. *Walley v. Iraca,* 360 Pa.Super. 436, 520 A.2d 886, 889 (1987).

Appellant claims that the trial court and master erred in failing to find that appellee's claim for partition was barred by the statute of limitations and the doctrine of laches. Appellee responds that appellant waived these defenses by failing to raise the defenses in his New Matter. Pennsylvania Rule of Civil Procedure 1030 requires that all affirmative defenses, including the defenses of laches and statute of limitations, be pleaded in a responsive pleading under the heading "New Matter." A review of the pleadings shows that appellant did not raise these defenses in his New Matter. Failure to plead an affirmative defense in compliance with Rule 1030 results in waiver of the defense. Pa.R.C.P. 1032; *American Leasing v. Morrison Co.,* 308 Pa.Super. 318, 324, 454 A.2d 555 (1982); *Judge v. Celina Mutual Ins. Co.,* 303 Pa.Super. 221, 226, 449 A.2d 658 (1982); *Fudula v. Keystone Wire & Iron Works,* 283 Pa.Super. 502, 508, 424 A.2d 921 (1981). We find that appellant has waived the statute of limitations and laches defenses.

■ For the first time on this appeal, appellant claims that the trial court and master erred in rendering a decision on the issue of the parties' respective liabilities regarding contribution for expenses incurred by appellant and for rents received by appellant from 1959 through 1986. Thus, appellant, having asserted a counterclaim for contribution for the maintenance and mortgage payments, and having presented evidence on the issue at the master's hearing and argued exceptions to the master's findings on the issue, is now in the unusual position of arguing that the master and trial court erred in considering appellee's claim for partition and appellant's counterclaim in the context of the same action. We note that the master found that appellant's

claim for contribution was offset by appellee's claim for rental income.

A review of the relevant statutes and caselaw reveals that appellant's claim for contribution should have been brought in a separate action. The instant action for partition is governed by 68 P.S. §§ 501 and 503, which provide:

**§ 501. Divorced tenants by entireties hold as tenants in common; suit for sale and division of proceeds.**

Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit against the other to have the property sold and the proceeds divided between them.

**§ 503. Division of proceeds; liens; record of divorce; payments into court**

The proceeds of any sale had under the provisions of this act, after the payment of the expenses thereof, shall be equally divided between the parties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective parties, together with any interest due thereon and docket costs; and the amount of any liens entered of record against either of such parties, together with interest due and costs taxed thereon, shall be deducted from the share of the party against whom such lien is filed, and paid to the person or persons to whom the same is due and payable: ...

68 P.S. §§ 501, 503. Pennsylvania Rules of Civil Procedure 1551–1574 set forth the procedures to be followed in an action for partition of real property. Pa.R.C.P. 1570 provides, in relevant part:

**Rule 1570. Adjudication and Decree**

(a) The adjudication shall include findings of fact as follows:

\* \* \* \* \* \*

(4) the mortgages, liens and other encumbrances or charges which affect the whole or any part of the property and the amount due thereon;

(5) the credit which should be allowed or the charge which should be made, in favor of or against any party because of use and occupancy of the property, taxes, rents or other amounts paid, services rendered, liabilities incurred or benefits derived in connection therewith or therefrom;

Pa.R.C.P. 1570. Thus, a conflict exists as to whether a court entertaining a claim for partition brought by a divorced tenant by the entireties can offset against the partition proceeds the expenses enumerated in Pa.R.C.P. 1570.

In *Hairston v. Hairston*, 381 Pa.Super. 278, 553 A.2d 464 (1989), this Court addressed this precise issue and held that the provisions of 68 P.S. § 501 *et seq.* must be strictly followed, and, therefore, only liens of record may be deducted from the sale proceeds. The Court held that any claims for expenses incurred for maintenance, taxes, mortgages, or for rental incomes must be brought in a separate action. *Id.*, 381 Pa.Superior Ct. at 286, 553 A.2d at 468. The appellee in *Hairston* had filed an action for partition in accordance with 68 P.S. § 501 *et seq.* and had included in her claim for partition a request for an accounting for the rents. The appellant counterclaimed for funds expended for the mortgage payments, interest, taxes, maintenance, enhancements and other expenses associated with the property. Despite the fact that the trial court had addressed the appellee's claim for rental income and appellant's claim for expenditures for the property, this Court held that the parties could only raise those claims cognizable under 68 P.S. § 501 *et seq.* *Hairston, supra,* 381 Pa.Superior Ct. at 286, 553 A.2d at 468.

In the present case, appellee filed an action for partition pursuant to 68 P.S. § 501 *et seq.*, and appellant responded with a counterclaim for monies expended in making the mortgage payments and maintaining the property. Given the holding in *Hairston,* we are constrained to hold that

appellant's claim for contribution must be brought in a separate action.

Having reviewed the trial court's opinion and decree and adjudication, we find that the trial court properly applied the provisions of 68 P.S. § 501 *et seq.* The decree and adjudication states, in relevant part:

\* \* \* \* \* \*

3) A partition of the premises 4641–43 North Front Street, Philadelphia, Pa., is hereby Ordered with the net proceeds of sale to be divided one-half (½) to plaintiff, Dorothy Werner, and one-half (½) to defendant, John P. Werner.

4) The subject property shall be placed upon the market for sale by the parties with a licensed real estate broker within ten (10) days of the date of this Order and sold at public and/or private sale.

5) All necessary costs of sale including but not limited to brokerage commissions and transfer taxes shall be deducted from the gross proceeds of sale.

6) Any liens upon the premises are to be paid and satisfied from the net proceeds of defendant, John P. Werner, inasmuch as these liens, if any, are not the indebtedness of Dorothy Werner. Any liens or claims solely attributable to plaintiff, Dorothy Werner, shall be deducted from the net proceeds payable to Dorothy Werner.

Although the master heard evidence and made a finding on appellant's claim for contribution, we note that the provisions of the trial court's order, as quoted above, are in complete accordance with 68 P.S. § 501 *et seq.* We affirm the decree and adjudication of the trial court.

We need not address appellant's remaining contentions because they deal with appellant's counterclaim which was improperly filed in response to the instant action for partition.

Decree and Adjudication affirmed.