**Grace E. SPEARS, Appellee,**

v.

**Johnny W. SPEARS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 9, 2000.

Filed Feb. 26, 2001.

Peter H. Thomson, Sewickley, for appellant.

Karen Hassinger, Washington, for appellee.

Before LALLY–GREEN, TODD, and BROSKY, JJ.

TODD, J.:

¶ 1 Johnny W. Spears ("Husband") appeals the February 16, 2000 Order of the Beaver County Court of Common Pleas in which the court concluded that he and his former wife, Grace E. Spears ("Wife"), were owners of equal one-half shares of real property located at 216 Park Road, Beaver County, Pennsylvania (the "Property"), and directed the partition of the Property. For the reasons set forth below, we reverse and remand.

¶ 2 The relevant facts may be summarized as follows. On December 19, 1967, at which time they were married and living together, Husband and Wife purchased the Property for $18,000. There was a mortgage on the Property in the amount of

$16,200. In November 1969, the parties separated and Wife voluntarily left the residence. The parties were divorced on September 20, 1974, at which time they became owners of equal one-half shares of the Property as tenants in common by operation of law.[1] Since the parties' separation in 1969, Husband has maintained exclusive possession of the Property, either as resident or landlord. During this time, Husband paid off the mortgage, and paid all taxes, insurance premiums, and maintenance costs for the Property.

¶ 3 On April 22, 1998, Wife filed an action for partition of the Property. Thereafter, Husband filed an action for contribution against Wife, seeking reimbursement for a portion of the maintenance costs he had incurred. Wife then filed a counterclaim for back rent. On October 29, 1999, the trial court consolidated the two cases for trial. On February 15, 2000, the trial court held a hearing to determine whether it should direct partition of the Property. At the hearing, Husband alleged, *inter alia*, that Wife had been divested of her interest in the Property by way of Husband's adverse possession. The trial court ruled, however, that the theory of adverse possession could not be used to defeat Wife's ownership rights in the Property under 23 Pa.C.S.A. § 3507(a).

¶ 4 The sole issue presented for this Court's review, as recited in Husband's Statement of Questions Involved, is "[w]hether the lower court erred or abused its discretion in directing partition under 23 Pa.C.S.A. § 3507(a) by deciding as a matter of law that Johnny Spears does not have standing to raise the affirmative defense of adverse possession because § 3507(a) provides each cotenant [sic] with an absolute right to partition." (Appellant's Brief at 2.)

¶ 5 This Court recognizes that "[t]he scope of appellate review of a decree in equity is limited. Absent an abuse of discretion or an error of law, we are bound to accept the findings of the trial court or master." *Werner v. Werner*, 393 Pa.Super. 125, 573 A.2d 1119, 1121 (1990). After thorough review, we conclude the learned trial court erred as a matter of law in precluding Husband's use of an adverse possession defense.

¶ 6 In its opinion, the trial court correctly set forth the section of the Divorce Code which provides a former spouse with the right to partition property previously held as tenants by the entireties:

(a) General rule.—Whenever married persons holding property as tenants by the entireties are divorced, they shall, except as otherwise provided by an order made under this chapter, thereafter hold the property as tenants in common of equal one-half shares in value, and either of them may bring an action against the other to have the property sold and the proceeds divided between them.

23 Pa.C.S.A. § 3507(a).

¶ 7 The trial court then cites, as support for its holding that Husband could not assert the defense of adverse possession, the case of *Werner, supra*, which "presented a factual situation virtually identical to that in the case at bar. Superior Court affirmed an order directing partition." (Trial Court Opinion, 2/16/00, at 3.) The trial court further opined that the cases cited by Husband for the proposition that the theory of adverse possession is an affirmative defense to a partition action

---

1. See 68 P.S. § 501, now repealed, effectively re-enacted in Section 3507 of the Divorce Code, 23 Pa.C.S.A. § 3507.

were inapplicable because they did not involve disputes between tenants in common that were formerly husband and wife. Because we find *Werner* to be distinguishable, we find the trial court's reliance thereon misplaced.

¶ 8 In *Werner*, the parties purchased property in October 1956, when they were husband and wife. In 1959, the wife vacated the property, but the husband continued to occupy the premises and remained in possession thereof until at least 1986. The parties were divorced in December 1963 and in May 1984, the wife filed an action seeking partition of the property pursuant to what was then 68 P.S. § 501. The husband counterclaimed for repayment of maintenance costs, taxes, insurance and mortgage payments. Wife then asserted, in new matter, that the rental income received by the husband for the property offset the expenses incurred by him and that, under 68 P.S. § 503, only liens of record could be deducted from the proceeds of a partition sale. Following a hearing, the master recommended that the wife's request for partition be granted, and found that the husband's claim for contribution was offset by the wife's claim for rental income. The trial court dismissed the husband's exceptions and ordered partition of the property.

¶ 9 On appeal, the husband first claimed that the trial court erred in failing to find the wife's claim for partition barred by the statute of limitations and the doctrine of laches. The husband also claimed, for the first time, that the trial court erred in ruling on the issue of the parties' respective liabilities as to contribution for expenses and rental income. With respect to the husband's first claim, this Court stated:

> Appellant claims that the trial court and master erred in failing to find that appellee's claim for partition was barred by the statute of limitations and the doctrine of laches. Appellee responds that appellant waived these defenses by failing to raise the defenses in his New Matter. Pennsylvania Rule of Civil Procedure 1030 requires that all affirmative defenses, including the defenses of laches and statute of limitations, be pleaded in a responsive pleading under the heading "New Matter." A review of the pleadings shows that appellant did not raise these defenses in his New Matter. Failure to plead an affirmative defense in compliance with Rule 1030 results in waiver of the defense. We find that appellant has waived the statute of limitations and laches defenses.

*Werner*, 573 A.2d at 1121 (citations omitted).

¶ 10 Based on our reading of the language quoted above, we cannot conclude that this Court intended to preclude, in all cases, the assertion of the defense of adverse possession. Initially, we note that in *Werner* this Court did not address the specific defense of adverse possession, but only the affirmative defenses of laches and the statute of limitations. Secondly, this Court concluded only that the husband in *Werner* had waived those defenses by failing to raise them in his New Matter as required under Rule 1030, not that these defenses were unavailable.

¶ 11 With regard to the second issue raised by the husband in *Werner*, this Court acknowledged that there existed a conflict between 68 P.S. § 503 [2] and Rule

---

2. Section 503 provided:

    § 503. Division of proceeds; liens; record of divorce; payments into court

    The proceeds of any sale had under the provisions of this act, after the payment of the expenses thereof, shall be equally divided between the parties, subject, however, to the

1570 of the Pennsylvania Rules of Civil Procedure,[3] to the extent that Rule 1570 allowed claims for expenses incurred for maintenance, taxes, mortgage payments, and rental income, while Section 503 limited deductions from proceeds of a partition sale to liens of record. *Id.* at 1122. Relying on our previous holding in *Hairston v. Hairston,* 381 Pa.Super. 278, 553 A.2d 464 (1989), in which we held that 68 P.S. § 501, et seq., must be strictly followed, we concluded that only liens of record could be deducted from the sale of proceeds. *Werner,* 573 A.2d at 1122. *See also Lykiardopoulos v. Lykiardopoulos,* 453 Pa. 290, 309 A.2d 548 (1973).

¶ 12 Again, however, we find *Werner* to be distinguishable from the instant case, in that in the case *sub judice,* there is no direct conflict between the relevant statute, 23 Pa.C.S.A. § 3507, and another statute or rule of procedure. The absence of such conflict was a crucial factor in our Supreme Court's determination in *Lohmiller v. Weidenbaugh,* 503 Pa. 329, 469 A.2d 578 (1983). In *Lohmiller,* the husband and wife owned 40% of a 170–acre farm as tenants by the entireties. The remaining 60% interest was held by the husband's mother. The husband petitioned for partition of the 40% interest and the wife filed preliminary objections, asserting that the husband failed to join his mother, the co-

tenant, as an indispensable party under Rule 1553 of the Pennsylvania Rules of Civil Procedure, which provided that "[a]n action for partition may be brought by any one or more co-tenants. All other co-tenants shall be joined as defendants." Pa.R.C.P. 1553. The trial court dismissed the wife's objection and ordered the 40% interest partitioned, and the wife appealed. This Court affirmed. *Lohmiller v. Weidenbaugh,* 302 Pa.Super. 174, 448 A.2d 583 (1982). In reversing this Court's decision, the Pennsylvania Supreme Court stated:

> While the Act [68 P.S. § 501 et. seq.] provides a complete remedy for the partition of property formerly held by the entireties, it is neither the sole nor exclusive remedy. Equitable partition pursuant to Pa.R.Civ.P. 1551–1574 is another means for the partition of property formerly held by the entireties. The Superior Court's holding that Pa. R.Civ.P. 1551–1574 are inapplicable to the present case disregards established principles of statutory construction. Since the Act and Pa.R.Civ.P. 1551–74 relate to the same subject matter, the partition of property, the two provisions must be read in pari materia so that effect can be given to both.

When the Act and Pa.R.Civ.P. 1551–1574 are construed together, it is appar-

---

deduction therefrom of the amount of any lien entered of record jointly against both of the respective parties, together with any interest due thereon and docket costs; and the amount of any liens entered of record against either of such parties, together with interest due and costs taxed thereon, shall be deducted from the share of the party against whom such lien is filed, and paid to the person or persons to whom the same is due and payable.

68 P.S. § 503, quoted in *Werner,* 573 A.2d at 1121.

**3.** Rule 1570 provided in part:

Rule 1570. Adjudication and Decree

(a) The adjudication shall include findings of fact as follows:

     \*     \*     \*

(4) the mortgages, liens and other encumbrances or charges which affect the whole or any part of the property and the amount due thereon;

(5) the credit which should be allowed or the charge which should be made, in favor of or against any party because of use and occupancy of the property, taxes, rents or other amounts paid, services rendered, liabilities incurred or benefits derived in connection therewith or therefrom;

Pa.R.C.P. 1570(a)(4) and (5).

ent that while a former husband may initiate an action for the partition of property formerly held by the entireties pursuant to the Act, all other co-tenants must be joined as defendants pursuant to Pa.R.Civ.P. 1553. This construction presents no conflict between the provisions and gives them both effect.

*Id.* at 332–333, 469 A.2d at 580 (footnotes omitted) (citations omitted). *See also Hairston,* 553 A.2d at 468 ("For our purposes, the crucial statement is 'This construction presents no conflict between the provision and gives them both effect.' " (quoting *Lohmiller,* 469 A.2d at 580)).

¶ 13 Thus, as there is no direct conflict in the instant case, we find *Werner* to be distinguishable, and the trial court's reliance thereon in error.

¶ 14 We stress that we do not herein make a determination as to whether Husband has met the required elements in order to establish adverse possession of Wife's interest in the Property, and we are not suggesting that Husband's sole possession of the Property since the time of separation, without more, meets the requirements for adverse possession. We conclude only that there is no *per se* rule which precludes Husband from asserting adverse possession as a defense to Wife's action for partition.[4] Accordingly, we re-

mand this matter to the trial court for a hearing to allow the presentation of evidence as to whether Husband has acquired Wife's interest in the Property by adverse possession.

¶ 15 Reversed and remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

¶ 16 LALLY–GREEN, J., joins and files a concurring opinion.

¶ 17 BROSKY, J., files a dissenting opinion.

LALLY–GREEN, J., concurring:

¶ 1 I join in the Majority's Opinion. I write separately a Concurring Opinion to make clear that, in Pennsylvania, a cotenant can claim adverse possession against another cotenant where the cotenant asserting the defense has ousted the latter cotenant by taking sole possession and performing acts of exclusive ownership of an unequivocal nature.

¶ 2 In this case, after the parties were divorced, they owned the Property as tenants in common with a right of partition. 23 Pa.C.S.A. § 3507. As tenants in common, each party holds an undivided one-half ownership interest in the Property. *See, In re Sale of Property of Dalessio,* 657 A.2d 1386, 1387 (Pa.Commw.1995).[5] Each

---

**4.** We are not persuaded to the contrary by Wife's citation to two decisions by the Court of Appeals of Tennessee, *Hampton v. Manuel,* 56 Tenn.App. 95, 405 S.W.2d 47 (1965) and *Teeples v. Key,* 500 S.W.2d 452 (Tenn.Ct.App. 1973). Aside from the fact that these cases are not binding on this Court, we believe the holdings in these cases were fact-specific, and do not create a *per se* rule against the defense of adverse possession. *See Teeples,* 500 S.W.2d at 457 ("Generally speaking, where a husband and wife hold realty as tenants by the entireties during the marriage and as equal tenants in common after divorce, the husband's uninterrupted possession of said realty for twenty years after the wife deserts

him does not amount to an ouster of her as a tenant in common so as to vest in him the title to said land by prescription. *Hampton v. Manuel* (1965), 56 Tenn.App. 95, 405 S.W.2d 47. The burden of proving title by adverse possession for the prescriptive period of twenty years is upon the defendants and, after a consideration of all of the evidence in this case, we are convinced that they have not successfully carried this burden.").

**5.** As the *Dalessio* Court explained:

A tenancy in common is an estate in which there is a unity of possession but separate and distinct titles. While an estate by the entirety consists of the five unities of time,

party also has the full and equal right to possess the Property. *Id.*

¶ 3 Pennsylvania law is clear that one co-tenant may divest another co-tenant of his or her ownership interest and possessory interest in the property by ouster and adverse possession:

It is well established that cotenants are presumed to occupy or hold permissively, and therefore one cotenant cannot claim adverse possession against another cotenant unless there is an ouster of the latter. To constitute an ouster, one cotenant must take sole possession and perform acts of exclusive ownership of an unequivocal nature. The character of acts necessary to give one cotenant notice of the other cotenant's claim to ownership of the whole must be positive and unequivocal, and similar in nature to where a grantor in a deed attempts to claim adverse possession against his or her grantee.

*Summ Pa. Jur.3d, Property* § 13:24, *citing, Conneaut Lake Park v. Klingensmith,* 362 Pa. 592, 66 A.2d 828, 829 (1949), and *Nevling v. Natoli,* 290 Pa.Super. 174, 434 A.2d 187, 190 (1981). Similarly, in *Hanley v. Stewart,* 155 Pa.Super. 535, 39 A.2d 323 (1944), this Court explained these principles as follows:

The rule is established in this Commonwealth beyond preadventure [sic] that in order for an heir to obtain title by adverse possession as against his or her co-heirs and co-tenants, it is necessary to prove adverse possession (a) by an actual ouster of his or her co-heirs and co-tenants twenty-one or more years before, and uninterruptedly maintained, or (b) by positive and unequivocal acts, amounting to a claim of the whole property as exclusively his or hers, brought home to the co-heirs and co-tenants twenty-one or more years before, and likewise maintained without interruption. Otherwise the possession of one co-heir and co-tenant is rightly held to be the possession of all. The possession of one tenant in common does not necessarily amount to adverse possession as against a co-tenant. Prima facie such possession is presumed to be for the benefit of both. The original entry of the one ·tenant in common not being adverse, every presumption is in favor of the continuance of such possession in subordination to the title of the other, and the burden is on him to show by clear and positive proof the time and circumstances under which his possession began to be adverse and that such adverse possession was brought to the knowledge of his co-tenant.

*Id.* at 326 (citation omitted); *see also, Beers v. Pusey,* 389 Pa. 117, 132 A.2d 346, 349 (1957) ("A tenant in common cannot acquire complete title to the property held in common by a mere delay in the assertion of claims against him, unless the delay amounts to adverse possession for 21 years"). For these reasons, adverse possession is an available affirmative defense to a co-tenant's partition action. *See, Hanley,* 39 A.2d at 326–328 (discussing the merits of an adverse possession defense to a partition action).

¶ 4 Again, the parties own the property as tenants in common. *See,* 23 Pa.C.S.A.

---

title, interest, possession and marriage, a tenancy in common need only contain the unity of possession. A tenant in common may, without the consent of his cotenant, sell, convey, or dispose of his undivided interest in the property, but in so doing he must not interfere with the rights of his cotenant. Furthermore, a tenant in common may maintain an action at law to recover monetary damages for injuries done to his interest in the property. *See Werner v. Quality Service Oil Co., Inc.,* 337 Pa.Super. 264, 486 A.2d 1009 (1984). *Dalessio,* 657 A.2d at 1387.

§ 3507. This statute simply **describes** the ownership status of property which was previously held by a married couple as tenants in common. The statute does not appear to grant such parties any greater immunity to adverse possession than any other tenants in common. Thus, in the absence of any legal authority to the contrary, Husband should be able to assert a common-law adverse possession defense to Wife's partition action.

¶ 5 As the Majority properly notes, no Pennsylvania case or statute affirmatively bars the use of an adverse possession defense in a case such as this. Thus, the Majority correctly holds that the trial court erred by precluding Husband from attempting to mount such a defense as a matter of law. Like the Majority, I express no opinion on whether Husband will be able to establish all of the elements of ouster and adverse possession.

BROSKY, J., dissenting:

¶ 1 Because I conclude that the trial court properly precluded Appellant from pursuing an adverse possession defense, I must respectfully dissent.

¶ 2 At the time of Appellant's and Appellee's divorce in 1974, the subject property formerly owned by them as tenants by the entireties was held as tenants in common of equal one-half shares by operation of law.[6] Appellee filed her "Complaint in Equity–Partition" without an indication of whether it was filed pursuant to the Divorce Code, 23 Pa.C.S.A. § 3507, or pursuant to the Rules of Civil Procedure, Pa. R.C.P. 1551–1574. However, Appellant filed an "Answer" specifically referencing the Divorce Code, and, at the time of

hearing before the trial court, the parties and the court were in agreement that the action would proceed under Section 3507 of the Divorce Code. *See* N.T., 2/15/00, at 2–3, 8–9, 13, 26. That section provides, in relevant part, as follows.

**§ 3507. Division of entireties property between divorced persons**

**(a) General rule.**—Whenever married persons holding property as tenants by entireties are divorced, they shall, except as otherwise provided by an order made under this chapter, thereafter hold the property as tenants in common of equal one-half shares in value, and either of them may bring an action against the other to have the property sold and the proceeds divided between them.

**(b) Division of proceeds.**—Except as provided in subsection (c), the proceeds of a sale under this section, after the payment of the expenses of sale, shall be equally divided between the parties.

**(c) Liens.**—The amount of any lien entered of record jointly against both of the parties, together with any interest due on the lien and docket costs, shall be deducted from the proceeds of sale and the amount of the liens entered of record against either of the parties, together with any interest due on the liens and docket cost, shall be deducted from the share of the party against whom the lien is filed and paid to the person or persons to whom the amount of the lien is due and payable.

23 Pa.C.S.A. § 3507.

¶ 3 In response to Appellee's complaint, and notwithstanding the provisions of Pa.

---

**6.** Act of May 10, 1927, 68 P.S. § 501, repealed, *see now* 23 Pa.C.S.A. § 3507. I also note that the parties divorced before enactment of the Divorce Code of 1980, which sought to, *inter alia*, "[e]ffectuate economic justice between parties who are divorced ... and insure a fair and just determination of their property rights." 23 P.S. § 102 (repealed; *see now,* 23 Pa.C.S.A. § 3102.)

R.C.P. 1030, Appellant filed, *pro se*, a very brief six-paragraph answer to the complaint, which included an "affirmative defense" asserting that Appellee "refused to accept [a transfer of the property to her] stating she did not want to be responsible for the maintenance and expenses involved." Answer, ¶ 2. Appellant also set forth a paragraph which asserts that Appellee "abandoned" the property in November 1969 and "has not shown any interest since that time." Answer, ¶ 3. No further pleadings appear on the docket.[7]

¶ 4 Despite a complete absence of any facts pled by Appellant from which a defense of adverse possession could reasonably be inferred,[8] he appeared at the hearing scheduled on the partition request and sought to pursue such a claim. Because adverse possession is an affirmative defense required to be pleaded as new matter, the trial court could have considered this claim to be waived. Pa.R.C.P. 1030, 1032; *Iorfida v. Mary Robert Realty Co., Inc.*, 372 Pa.Super. 170, 539 A.2d 383 (1988). Appellee has not, however, contended that Appellant waived such a defense, and the trial court permitted Appellant to make his argument on whether he could pursue an adverse possession defense in a partition action pursuant to the Divorce Code. Where, as here, the trial court has considered a party's proffer of an affirmative defense not raised in new matter, such defense is not deemed waived but rather is viewed as having been advanced by an amendment to the pleadings. *Flora v. Moses*, 727 A.2d 596 (Pa.Super.1999). I would thus be constrained to

turn to the merits of the propriety of the defense in this particular action, as did the Majority.

¶ 5 Our Supreme Court has recognized that the former Act of May 10, 1927, 68 P.S. § 501, *see now* 23 Pa.C.S.A. § 3507, "is in derogation of the common law and must be strictly construed." *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 309 A.2d 548, 551 (1973). This Court has concluded that in a partition action brought pursuant to the Act of May 10, 1927, equitable defenses and restitutory claims may not defeat the sale and division of the proceeds sought by partition. *Shoup v. Shoup*, 469 Pa. 165, 364 A.2d 1319 (1976). More recently, in *Hairston v. Hairston*, 381 Pa.Super. 278, 553 A.2d 464 (1989), we held that the trial court must strictly follow the provisions of the Act of May 10, 1927, although we recognized that it would be logical to permit related claims in such a partition action. Nevertheless, we stated that because the action proceeded pursuant to the Act of May 10, 1927, "the parties can only raise those claims cognizable under the Act[.]" 553 A.2d at 468.

¶ 6 Because the present Section 3507 is substantially a reenactment of the Act of May 10, 1927, 68 P.S. § 501, it follows that Section 3507 must likewise be strictly construed. Thus, because the parties in this case proceeded solely pursuant to Section 3507, I believe they are limited to the claims cognizable under that section of the Divorce Code.

---

**7.** Appellant filed a separate suit against Appellee, seeking contribution for expenditures he incurred in maintaining the subject property. *See* Trial Court Opinion, 2/16/00, at 2. Thereafter, although the two cases were consolidated for trial, the trial court and the parties all agreed that the hearing on February 15, 2000 was specifically limited to the

issue of whether partition was appropriate. N.T. 2/15/00, at 2–3, 15.

**8.** "One who claims title by adverse possession must prove actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years." *Myers v. Beam*, 551 Pa. 670, 713 A.2d 61, 61 n. (Pa. 1998) (citation omitted).

¶ 7 The Majority distinguishes *Werner v. Werner*, 393 Pa.Super. 125, 573 A.2d 1119 (1990), on which the trial court relied in rejecting Appellant's claim of adverse possession. I agree that *Werner* is distinguishable from the case at bar. However, I am not persuaded to take the next step: that simply because *Werner* did not specifically preclude the defense of adverse possession in all partition actions, then this Appellant should be given the opportunity to assert that defense.

¶ 8 I wish to emphasize that the parties have proceeded pursuant to the Divorce Code, and not pursuant to the Rules of Civil Procedure, Pa.R.C.P. 1551–1574. Our Supreme Court, in *Lohmiller v. Weidenbaugh*, 503 Pa. 329, 469 A.2d 578 (1983), recognized that partition of property formerly held by the entireties may be achieved by the "complete remedy" afforded by the Act of May 10, 1927, or alternatively, the parties may choose to proceed pursuant to the remedy afforded by the Rules of Civil Procedure. 469 A.2d at 580. The Court further held that the Act and the Rules must be read in *pari materia*, so that effect may be given to both; however, such may be accomplished only to the extent that there is no conflict between the applicable provisions. This Court in *Hairston, supra*, subsequently recognized that a conflict does exist between the claims available under the two remedies.

¶ 9 Because we have previously interpreted the Act as limiting the parties to raise only those claims cognizable under the Act, I believe Appellant and Appellee are limited to raising claims specifically provided by Section 3507. Adverse possession is not one of them. Accordingly, I dissent.