J-A34031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HATTIE VICCHIARELLI; EXECUTRIX OF THE ESTATE OF JOHN J. HRABOVSKY, SR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARY C. HRABOVSKY | |
| Appellee | No. 520 MDA 2015 |

Appeal from the Judgment Entered March 19, 2015
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2005 CV 4301 EQUITY

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 13, 2016**

Hattie Vicchiarelli, personal representative of the estate of John Hrabovsky ("Husband"), appeals from a judgment entered in favor of Mary Hrabovsky ("Wife") in Vicchiarelli's action for partition of the former marital residence.  We affirm.

We begin by detailing the factual and procedural history of this case. In 1963, Husband and Wife purchased a residence at 505 Beech Avenue in Hershey, Pennsylvania and held it as tenants by the entireties.  In 1977, Husband left the marital residence, never to return.  In 1981, Husband and Wife divorced via judicial decree.  Prior to the decree, Wife filed a claim for equitable distribution, but the court did not decide this claim.

Wife, who is now in her nineties, has continued to reside in the Beech Avenue property since 1977 and has paid all property taxes, homeowners insurance, mortgage payments and maintenance costs. Husband moved into a separate residence with Vicchiarelli, where they lived together from 1977 until Husband's death in 2004.

Husband and Wife never changed the deed to the Beech Avenue property, so it remained in both Husband's and Wife's names after their divorce. Husband kept physical possession of the deed for the rest of his life. Wife never asked for the deed or requested Husband to execute a new deed conveying his interest in the house to her. During Husband's life, he never took any steps to force partition, list the house for sale or demand rent from Wife. Husband did, however, jointly execute a mortgage with Wife on the house in 1993 for $30,000.00. Wife paid the mortgage by herself, and the mortgage was marked satisfied.

In 2005, after Husband died, Vicchiarelli, in her capacity as Husband's personal representative, filed a complaint in partition, alleging that Husband and Wife held the house as tenants in common at the time of his death. Wife filed preliminary objections raising the unresolved equitable distribution claim left over from the 1981 divorce proceedings. On November 30, 2007, the court held a hearing on the laches issue in which Vicchiarelli testified. On April 29, 2008, the court held that Wife's equitable distribution claim was

barred by laches. Wife appealed, and this Court affirmed at 952 MDA 2008 on the ground that Wife's 24 year delay prejudiced Vicchiarelli.

After remand, Wife filed an answer and new matter raising numerous affirmative defenses to the partition action, including laches, waiver, estoppel, parol partition, and an assertion that Husband intended for Wife to keep the house. On January 5, 2011, the court denied the parties' cross motions for summary judgment.

On January 6, 2011, the court held an evidentiary hearing in which three of the couple's children and Vicchiarelli testified. Wife did not testify.

One of the couple's daughters, Jan McKnight, testified that she asked Husband on one occasion whether Vicchiarelli would want the house if he died. Husband answered: "Jan, you don't have to worry. The house is your mother's." N.T., 1/6/11, at 58. Counsel for Mother asked: "Did [Husband] say to you that the house is going to be your Mother's?" McKnight answered: "The house is your mother's. You don't have to worry." *Id*. A second daughter, Mary Slyman, testified that on multiple occasions in the summer of 2004, the year before Husband's death, Husband voluntarily told her that Wife "had the house." *Id*. at 70-71. Vicchiarelli was present during these conversations and made no objection. *Id*. Indeed, according to Slyman, Vicchiarelli stated that "the house was [Slyman's] mother's." *Id*.

A third child, John Jr. ("Son"), testified that shortly before Husband died, Husband told Son that he (Husband) was working on his will and trust

and getting things in order. N.T., 1/6/11, at 87. Son testified that Husband said that "if anything happens to me, [Son] would be part of the trust or the executorship to help distribute … whatever it said in the will." *Id*. Son then testified: "[Husband] goes, you'll get the truck, you'll get my gun collection. I said, does mom get the house. He said, yes, your mother gets the house. At that point, [Vicchiarelli] was in the room because she had said, 'oh Johnny, don't you worry, your mother's going to get the house.'" *Id*. at 87-88. Although Husband executed estate planning documents, he made no specific provision in the documents for the house.

Vicchiareili testified that after Husband died, she gave McKnight the deed to the house and said "give this to your mother." N.T., 1/6/11, at 40. Vicchiarelli testified during another hearing that she gave the deed to Husband's children because she "was told to do that," i.e., instructed to give the deed to the children. N.T., 11/30/07, at 18. McKnight corroborated Vicchiarelli on this point during the January 6, 2011 hearing. McKnight testified that a few days after Husband's death, Vicchiarelli "handed me an eight by ten and said, 'your dad wanted your mom to have this,' and inside was the deed to the house." N.T., 1/6/11, at 61.

On March 31, 2011, the court denied Vicchiarelli's claim for partition and denied Wife's claim that the house was gifted to her. Both parties filed post-trial motions, which the court denied on August 29, 2011. Vicchiarelli and Wife filed cross appeals in this Court at 1692 and 1696 MDA 2011. The

trial court stated in its Pa.R.A.P. 1925(a) opinion that these appeals were interlocutory because

> [t]he evidence presented at the hearing failed to establish a basis on which the court could rule on the competing claims for ownership; no party presented testimony of the value of the property, valuation of rental, a complete history of maintenance expenses or taxes. Both parties presented only general claims as to ownership, which failed to satisfy their respective burdens and enable the court to fully resolve their claims to the property…

Trial Court Opinion, 4/26/12, at 4-5. On May 18, 2012, this Court held at 1692 and 1696 MDA 2011 that the case was not ripe for review because of the need for further hearings.

Following remand, the trial court held two more hearings in 2013. On January 3, 2013, the parties presented expert testimony on the fair market value of the house. The court also admitted Vicchiarelli's expert report on the rental value of the house from 1999 through 2012. On July 11, 2014, Vicchiarelli presented expert testimony on the rental value of the house from 1981 through 1998. Wife presented evidence on the amount of Husband's retirement benefits.

The parties submitted proposed findings of fact and conclusions of law. On October 16, 2014, the court entered findings of fact and conclusions of law in favor of Wife. The court found as fact that "Husband stated to his children that Wife would receive the house, yet no actions were taken to memorialize the stated intention." Findings Of Fact, 10/16/14, at ¶ 8. The court concluded that "full ownership" of the house lies with Wife, without any

payment to Vicchiarelli as Husband's executrix. In reaching this conclusion, the court considered Wife's ownership interest as a tenant by the entirety, the value of the residence, and Wife's satisfaction of the mortgage and payment of all taxes, insurance and property maintenance. Conclusions Of Law, 10/16/14, at ¶¶ 17-18. The court further ruled that Viccharielli presented no cognizable claim for rent, because Husband made no claim for rent during his lifetime, and because Wife's payments described above more than offset any claim for rent. *Id*., at ¶¶ 19-20.

Vicchiarelli filed timely post-verdict motions, which the court denied. Vicchiarelli entered judgment and filed a timely appeal and a timely Pa.R.A.P. 1925(b) statement. The court filed a short Pa.R.A.P. 1925(a) statement that "the trial court properly decided as a matter of equity that the sole ownership interest in [the residence] rests with [Wife] without payment to [Vicchiarelli]." Pa.R.A.P. 1925(a) Statement, 7/15/15, at 1. The court submitted its October 6, 2014 findings of fact and conclusions of law in lieu of a Pa.R.A.P. 1925 opinion. *Id*.

Vicchiarelli raises the following issues in this appeal, which we have re-ordered for purposes of disposition:

1. Was it an abuse or an error of law for the court to hear and decide this matter in equity rather than according to the rules and law governing partition?

2. Did the court abuse its discretion or commit an error of law in concluding that [Vicchiarelli], executrix of [Husband's estate], presented no cognizable claim for rent of the subject property,

- 6 -

pursuant to 68 P.S. § 101, because no claim for the same was presented by [Husband] during his life?

3. Was it an error of law or abuse of discretion for the lower court to conclude at law that full ownership of 505 Beech Avenue, Derry Township, County, lies with [Wife]?

4. Was it an abuse of discretion for the lower court to consider the satisfaction of a mortgage on the subject property, said mortgage being granted subsequent to the divorce terminating the marriage of [Husband and Wife], as an element in determining that full ownership of the property rested in [Wife]?

5. Did the court abuse its discretion or commit an error of law by failing to apportion debits and credits such as [Wife's] payment of homeowners' insurance premiums on the subject property, and any compensation due the estate of [Husband] for his rent?

6. Did the court abuse its discretion by failing to find as fact the rental value of the subject property, said being offered by uncontradicted expert testimony?

7. Was it an abuse of discretion or an error of law for the trial court to disregard the six year statute of limitations (42 Pa.C.S. § 5527) by failing to limit the debits and credits to be apportioned between the parties to that period of time beginning six years prior to the institution of the action in partition, said being raised as an affirmative defense by [Wife] and in [Vicchiarelli's] post trial motion?

8. Was it an abuse of discretion or an error of law for the trial court to deny [Vicchiarelli's] motion for post-trial relief?

Brief For Appellant, at 5-7.

In her first argument, Vicchiarelli claims that the trial court erred by deciding this matter in equity instead of under law. According to Vicchiarelli, the court should have decided this partition action strictly as a matter of law under 23 Pa.C.S. § 3507(a) ("Division Of Entireties Property Between Divorced Persons"). Section 3507(a) states:

> Whenever married persons holding property as tenants by entireties are divorced, they shall, except as otherwise provided by an order made under this chapter, thereafter hold the property as tenants in common of equal one-half shares in value, and either of them may bring an action against the other to have the property sold and the proceeds divided between them.

23 Pa.C.S. § 3507(a).

Vicchiarelli overlooks the fact that section 3507(a) is neither the sole nor the exclusive remedy for partition between divorced spouses. The Rules of Civil Procedure provide for equitable partition of real property formerly held by spouses as tenants by the entireties. *See* Pa.R.Civ.P. 1551 through 1574. Because section 3507(a) and Rules 1551-74 relate to the same subject matter, the partition of property, we must read the statute and rules *in pari materia* to give effect to all provisions. ***See Lohmiller v. Weidenbaugh***, 469 A.2d 578, 580 (Pa.Super.1982) (68 P.S. § 501, the predecessor to section 3507(a), must be read *in pari materia* with equitable distribution rules in Pa.R.Civ.P. 1551 *et seq.*, since "equitable partition pursuant to Pa.R.Civ.P. 1551-1574 is another means of partitioning property formerly held by the entireties"); ***Spears v. Spears***, 769 A.2d 523, 526-27 (Pa.Super.2001) (following ***Lohmiller*** in partition action brought under

section 3507(a)).[1]  Accordingly, we hold that the trial court properly applied equitable principles to this case.

In her second argument, Vicchiarelli objects to the trial court's determination that she failed to present a cognizable claim for rent because Husband did not make any claim for rent during his lifetime.

> Our scope of review in equity matters
>
> [n]ormally … is limited to a determination of whether the chancellor committed an error of law or abused his discretion. A final decree in equity will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. Further, the test is not whether we, the appellate court, would have reached the same result had we been acting as the hearing judge who saw and heard the witnesses, but rather whether a judicial mind, on due consideration of the evidence, as a whole, could reasonably have reached the conclusion of the chancellor.

***Moser v. DeSetta***, 588 A.2d 679, 681 (Pa.1991).  "Where there are any apparently reasonable grounds for the trial court's decision, we must affirm it."  ***Viener v. Jacobs***, 834 A.2d 546, 554 (Pa.Super.2003).  And when reviewing the results of a non-jury equity trial, "we are bound by the trial

---

[1] ***Spears*** noted that in ***Werner v. Werner***, 573 A.2d 1119, 1121 (Pa.Super.1990), the Superior Court held that a former husband waived his right to assert laches and the statute of limitations as defenses to his former wife's partition action under 68 P.S. § 501 by failing to plead them as affirmative defenses in his new matter.  ***Spears*** suggested in *dicta* that laches and the statute of limitations would have been available as defenses had the husband raised them in his pleadings: "[The ***Werner***] Court concluded only that the husband [] had waived those defenses by failing to raise them in his New Matter as required under Rule 1030, not that these defenses were unavailable."  ***Spears***, 769 A.2d at 525.  In the present case, there is no waiver issue, because Wife raised laches and parol partition as defenses in her new matter.

court's findings of fact, unless those findings are not based on competent evidence." *Id*.

The trial court held that Vicchiarelli "presents no cognizable claim for rent in that [Husband] made no claim to [Wife] for rent of the subject property during his life." We construe the court to mean that Vicchiarelli's claim for rent is barred under the doctrine of laches, and we agree with this determination.

The doctrine of laches applies in equity cases. *See* 42 Pa.C.S. § 5501(c) ("nothing in this chapter [defining limitations of actions] shall modify the principles of waiver, laches and estoppel and similar principles heretofore applicable in equitable matters"). Laches bars relief

> when the complaining party is guilty of want of due diligence in failing to promptly institute the action to the prejudice of another. Thus, in order to prevail on an assertion of laches, respondents must establish: a) a delay arising from petitioner's failure to exercise due diligence; and, b) prejudice to the respondents resulting from the delay. Moreover, the question of laches is factual and is determined by examining the circumstances of each case.

*Fulton v. Fulton*, 106 A.3d 127, 131 (Pa.Super.2014).

Laches bars Vicchiarelli's partition action against Wife. Husband never sought rent from Wife during his lifetime. Vicchiarelli did not commence her partition action until 2005, 24 years after Husband and Wife divorced and 28 years after Husband left the marital residence. Such delay reflects complete lack of due diligence. *Cf. Fulton*, 106 A.3d at 134 (laches barred action by administratrix of decedent's estate, in which she sought to set aside

- 10 -

conveyances of real property by decedent's agent and impose constructive trust upon the conveyed properties, where nine to eleven years passed from time of conveyances until Administratrix instituted suit in equity). It is equally clear that Wife has suffered prejudice from the delay. Since Husband left in 1977, Wife has functioned as if she were sole owner by paying all mortgage payments, taxes, insurance premiums and maintenance costs. Had Wife expected Husband to demand rent or to otherwise act as a co-owner, she could have asked Husband to contribute to these payments. Because Wife substantially changed her financial position by shouldering these costs herself, Vicchiarelli's (and Husband's) delay in demanding rent has caused Wife prejudice. *See Fulton*, 106 A.3d at 134-35 (administratrix's eleven year delay in filing action to set aside conveyances of real estate caused prejudice to defendants, thereby precluding administratrix's action under laches doctrine, where defendants expended sums relating to upkeep, maintenance, or improvements to properties during eleven year period). Moreover, Wife is now in her nineties, well past the age where she can reasonably be expected to work for a living to pay a quarter century of rent.

In one sense, this case has come full circle. In the first appeal in 2009, we held that laches barred Wife's claim for equitable distribution that she failed to litigate in the 1981 divorce proceedings but attempted to resurrect a quarter century later in response to Vicchiarelli's partition action.

We observed that Vicchiarelli was prejudiced by Wife's delay in pursuing equitable distribution for several reasons: Wife had no first-hand knowledge of certain marital assets or documents corroborating her entitlement to these assets, and Husband was deceased, thus depriving Vicchiarelli of Husband's testimony on this subject. *Vicchiarelli v. Hrabovsky*, 952 MDA 2008, at 3-4 (7/27/09). Today, we hold that the prejudice to the parties cuts both ways, in that Wife has incurred prejudice due to the decades of delay in bringing this partition action.

In her third argument, Vicchiarelli contends that the court erred in concluding that full ownership of the house lies with Wife. Once again, we disagree on the basis of laches. Almost 25 years elapsed between the date of divorce and Vicchiarelli's action for partition and concomitant claim of ownership. This extreme delay reflects lack of due diligence in asserting a claim of ownership. Moreover, Wife has suffered prejudice by substantially changing her financial position by functioning as if she were sole owner. In view of laches, the trial court properly held that Vicchiarelli has no cause of action for partition, and that full ownership of the residence belongs to Wife.[2]

---

[2] We note that Wife presented multiple witnesses (three of the couple's children) for the proposition that Husband gifted the marital residence to her during his lifetime. It does not appear, however, that the trial court agreed with Wife's gift claim. In order to prove a gift, Wife had to demonstrate, *inter alia,* that Husband had present donative intent, i.e., that he "inten[ded]
*(Footnote Continued Next Page)*

We address Vicchiarelli's fourth through seventh issues together. Vicchiarelli argues that the court (1) should not have considered Wife's satisfaction of a mortgage as evidence of her full ownership; (2) failed to award rent to Vicchiarelli; (3) failed to determine the appropriate amount of rent due to Vicchiarelli; and (4) failed to take the six year statute of limitations into account for purposes of accounting between rent due to Vicchiarelli and payments for which Wife deserves credit. These issues rest on the presumptions that Vicchiarelli is a co-owner of the residence and is entitled to rent for Wife's occupancy of the residence. These presumptions obviously are invalid, for we have held above that laches bars Husband's claims of ownership and rent. Thus, Vicchiarelli's fourth through seventh claims fail.

_(Footnote Continued)_ ――――――――――

to make the gift then and there …" **In Re Rynier's Estate**, 32 A.2d 736, 738 (Pa.1943). Despite the children's testimony, the trial court did not find that Husband had present donative intent. The court merely found that Husband promised to give the house to Wife _in the future_. Findings Of Fact, 10/16/14, at ¶ 8 (Husband stated to his children that Wife "_would receive_" the house, "yet no actions were taken to memorialize the stated intention") (emphasis added). Nor do the court's conclusions of law state that Husband gifted the residence.

Although we might have reached a different conclusion on the gift issue if we were the factfinders, we decline to do so in our role as an appellate court. **Moser**, 588 A.2d at 681 ("the test is not whether we, the appellate court, would have reached the same result had we been acting as the hearing judge who saw and heard the witnesses"). Instead, we base our decision solely on the basis of laches.

Vicchiarelli's eighth and final claim is that the trial court erred in denying her post-trial motions, in which Vicchiarelli raised the same issues that she now raises on appeal. For the reasons provided above, we determine that this issue lacks substance.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/2016